Good afternoon, Council. Our last case of oral arguments today is People v. Money, 5-090-479. We have Daniel Cochran for the appellant and Mr. Sweeney for the state. Daniel Cochran Good afternoon. I represent the defendant in this case, John Money. Your Honor, this court should reverse the decision of the trial court denying the defendant's post-conviction petition and remain this cause to allow the defendant an evidentiary hearing on his post-conviction petition because the trial court erred in their dismissal pursuant to 725 ILCS 5-122-2.182 as frivolous and patently without merit as the petition presented the gist of a constitutional claim. Your Honor, the post-conviction petition is dismissed without evidentiary hearing. This court should review that decision in OVA. To prevail on a claim of ineffective assistance to counsel, the defendant are following a guilty plea. The defendant must show that his counsel's performance fell below an objective standard of reasonableness and to demonstrate a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. Pursuant to a post-conviction petition, despite the First State's dismissal, a pro se petitioner can only present the gist of a constitutional claim. As stated by the Second District and People v. Hoekstra, this is a low standard and a petitioner need present only a limited amount of detail and need not support the claim with legal argument or citation to authority. However, a post-conviction petition will be considered frivolous or patently without merit if the petition's allegations taken as true fail to present the gist of a constitutional claim. Your Honor, in this case, my client's post-conviction petition, although not artfully worded, presented the gist of a constitutional claim, which is all he is required to do. First, the defendant's counsel's performance fell below an objective standard of reasonableness. From counsel's function as an assistant to the defendant to drive the overarching duty to advocate for the defendant's cause, the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. In this case, Your Honors, the record does not reflect that the defendant's appointed counsel ever had a meeting or discussion. Who was the trial counsel? His trial counsel was Nathan Rowland, Your Honor, a public defender in Saline County. The record doesn't reflect any meetings between counsel and the defendant other than the times where he would have been noticed in the record as appearing with counsel. This makes no regard to whether counsel ever actually had any discussions with him. This is reflected in the defendant's allegation that his counsel had not explained his case nor the nature and cause of the accusations towards him. The right of the effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful and adversarial testing. As a part of this plea, were three charges dismissed? They were, Your Honor. And do you agree with the Bow case that you can be convicted of home invasion on an accountability theory, even if it's your own home? I do, Your Honor. I agree that on an accountability theory that would be possible if the state can prove the three requirements of the accountability theory, which would require that the defendant solicited, aided, abetted, agreed, or attempted the offense, participated before or during the offense, and had concurrent specific intent to promote or facilitate the commission of the offense. As shown by the record, the defendant in this case was looking to get into an altercation with one Michael Smith, referred to as Stick by him and some others in the record. There was never any evidence of a discussion between the defendant and his co-defendant, Mr. Coons, that they should or would need to break into the home, as this was the defendant's home at that time. He resided there. In that case, he would be able to grant authority to Mr. Coons to be in his home. There was also never any discussion of the use of a firearm, nor evidence that my client ever at any point in time encouraged the use of a firearm or agreed to use a firearm in this case. It appears evident from the record that there was no specific concurrent intent on the part of my client to commit a home invasion in this case. Without that concurrent specific intent, my client could not have been convicted on either count that he pled guilty to, either the attempted home invasion or the unlawful discharge of a firearm, because he lacked that intent. And as discussed previously, the defendant may have had a reasonable, as just stated, the defendant would have a reasonable argument to make, a reasonable defense in this case, to both of the crimes that he pled guilty to. However, the only advice he received from his counsel was to plead guilty and the state would dismiss three other charges. What was the purpose of them leaving the tavern to go to his house, the residence? Your Honor, he was going back to his own residence where he had been informed this Michael Smith was at with his girlfriend at the time. He was intending to probably get into an altercation with Mr. Smith. However, he was not intending to use a firearm or to aid someone else in using a firearm in invading his home. He was returning to a place where he lawfully had a right to be. And at that point, I believe he would have had the right to ask Mr. Smith to leave his property, not for him to be required to leave his own property in this case. And as he lacked that intent to commit either of these crimes, whether Mr. Koontz did or not, my client could not have been found guilty on an accountability theory. Now, whether the other things… The state's brief talks about that your client and his buddy, Koontz, I guess, were dropped off near the residence. Does the record show what that means? Was it intentionally near the residence or were they dropped off at the residence? Your Honor, the record states that it was near the residence, but I'm not sure if that means they were dropped off 50 feet from the residence or if they were dropped off a half a mile down the road. Well, if he was coming to his own house, why would he not be dropped off at the residence as opposed to near the residence? I do not know, Your Honor. The record does not indicate… The record does not indicate, Your Honor, as to the two individuals that drove in there and did not reside at the residence, on why their instance was what they insisted on stopping earlier was the defendant requested to be dropped off down the street. No indication they were trying to sneak up or anything? There's not, Your Honor. Okay. Your Honor, in this case, it can be similarized somewhat to the People v. Hattery. In that case, although distinguishable somewhat, as the defendant's counsel opened a murder case by conceding the guilt of his client in an attempt to obtain leniency and avoid the death penalty. In this case, my client only received advice to plead guilty, which doesn't seem to differ much from your counsel just getting up and saying you're guilty. Because in this case, my client was offered a plea with a suggested term of five years, which he did receive. However, he was admonished by the court that he did not have to receive that amount of time. So he was still taking a gamble as to what his sentence would be. Although it turned out the way it was intended, it could have gone differently. And in this case, my client essentially pled guilty to the charge, just as if his counsel had opened his statements with, my client is guilty but, and that's all that occurred in this case. But Hattery was where he pled not guilty, wanted to go to trial, and that opinion said that defense counsel can't then admit guilt. Yes, Your Honor. We have a guilty plea here. Yes, Your Honor. And that was based on the only advice my client ever received. And the only indicated by the record was advice to plead guilty. And that's what's stated in his post-conviction petition, that he was advised to plead guilty. What about the absence of affidavits in the post-conviction petition? Your Honor, I believe that was an oversight on the part of my client. I believe that he retained counsel, which, as I understand, most post-conviction petitions at this stage, people do not retain counsel. He would have understood that he needed to attach an affidavit. However, I believe this can be reviewed as a harmless error to his petition, as his affidavit would have essentially restated his allegations, only it would have been signed in front of a notary, and been marked as an affidavit with the proper title. That's not what the statute says. The statute does not say that, Your Honor. And I make this argument based on, in the interest of justice in this case, it feels like a splitting appearance by the statute, that you need to have a legend in your petition, and then you need to also file an affidavit making the same claims. If he makes the same claims, it doesn't prejudice the state in any way by an affidavit not being present, as my client would be confined to arguing the allegations contained in his petition. He could not step outside that, based on something else that could have been put into an affidavit in this case. And that's why I would ask the Court to look upon that as harmless error,  In this case, Your Honor, the second factor is my client would have needed to prove that he would not have pled guilty to these charges, and the reasonable probability that he would have insisted upon going to trial. I believe that is inherent to the filing of a petition, that he wanted a trial in this case. And he would have been found innocent? Yes, Your Honor. That would be a different result, too, right? Not after a guilty plea, Your Honor. It's my understanding in the case law that after a guilty plea, a defendant must only show that he would have insisted upon going to trial and not have pled guilty. Because in this case, he's not going to get an acquittal out of this. If this is reversed and he wins his post-media picture petition, the state is going to be able to refile these charges against him, and he's going to be back to square one. So inherent in his petition is that he would have insisted upon going to trial, because that is what will occur in this case if this petition is granted. And therefore, unlike what the state's brief seems to allege, well, it seems like a pretty good idea. Well, I don't believe that's what the rights under the Constitution are, is that, hey, if it was a pretty good idea, you don't really need effective assistance of counsel. In this case, my client wished to have his day in court. However, he was advised that his only option was to plead guilty. He was never advised that he had defenses to at least two of the charges against him, regardless of the charges that were dismissed, whether they were a strong case for the state or not. Every day we have cases where people go to trial on almost insurmountable odds as a defendant. You don't have any objections to the admonitions the trial court gave him with regards to his rights before he pled guilty? I do not, Your Honor. And he was advised he had a right to go to trial. He understood that, and he pled guilty. Yes, Your Honor, and that seems to be the only reflection in the record of those rights being advised to my client was by the trial court. After his only advice he had received from counsel, who was there to represent his interests and to put the state's case to a meaningful adversarial testing, advised him, you need to plead guilty to this. Take the deal. He got no other advice. So as far as he was aware, his counsel, who represents his interests and who has a much greater working knowledge of the law and who he is to rely upon, gave him one piece of advice. It wasn't, here's your option. Yeah, the state has a pretty good case, and it's going to be a difficult one, but I think I've got a couple of things we can argue to give you a shot. Or you can plead guilty and take the deal. His only advice was take the deal. He was never given that option. Well, the court gave him the option. It says you can plead guilty or not guilty, right? Yes, Your Honor. However, the court is not going to advise him, well, you might have a couple of defenses here to this case. The court is only going to advise him of the rights he's waiving that day. And his understanding at this point, based on the advice of counsel, is that it doesn't matter whether you plead guilty or not. You're going to be guilty here. So we might as well take the deal today and do the best we can. However, we don't know what the outcome would have been. There is a possibility my client gets acquitted on some or all of the charges, but that never occurred because the only advice he received is to plead guilty. I believe it's incumbent on us, especially as defense attorneys, to provide more than a pulse and an appearance at a courtroom for our clients. In this case, you should provide your account to your defendant. Here's your possible defenses. Maybe they're not great, but your other option is to plead guilty. Does the record reflect that the court gave him an opportunity to discuss this further with his client? I don't believe the court gave him further discussion with the client. His plea of guilty was admonished during the plea phase. He entered his plea that same day and then proceeded to the sentence of evasion. Nothing there that says you had enough time to consult with your attorney? Do you want to talk about anything else before we proceed with this proceeding or anything? I do not recall that specific admonishment was given, Your Honor. Would that make any difference if the trial court told him that he could talk to his attorney more? I don't believe so in this case, Your Honor, because up until this point my client had appeared three or four different times to the court, and the only advice he ever received was to plead guilty. How old was your client when this happened? My client was in his late 20s, Your Honor. And any prior contact with the criminal courts? Minimal, Your Honor, as my recollection serves. Nothing to the serious extent of the nature of these charges. Had he had any prior criminal convictions? I don't believe so, Your Honor, but I can't state that's a fact. The record would reflect it, though. I don't believe so, Your Honor. Would that make any difference in your argument? I don't believe so, Your Honor, because even in that case, if you've been represented prior, it would be a defendant's understanding that this attorney is here to represent your interests. He's going to lay the cards on the table for what your options are here. And in this case, my client relied on his defense counsel that you only got one option. You're going to plead guilty. This is the deal that's on the table. This is all you're going to get. This is the best it gets. That's it. It wasn't, you know, I'll put on a case for you. What were the three charges that were dismissed? I believe a violation of order of protection, an unlawful restraint, and a possession of a controlled substance. Are they misdemeanors or felonies? Off the top of my head, I believe the violation of order of protection would be a misdemeanor. I believe the unlawful restraint would as well be a misdemeanor. And I don't recall what the controlled substance amount was, whether it would have reached the felony or misdemeanor level at that point. However, in those cases, the evidence, again, my client, it was not discussed with him. He may have had defenses in those cases as well. It was just you probably should plead guilty here. That's all my client got. And a defendant should be entitled to more than you should plead guilty. As defense attorneys, we should be required to do more than bleed and plead our clients. And that's what appeared in this case, Your Honor. He's given one piece of advice. Take it or leave it. That's all you're getting out of me. When did your client find out that he had defenses to these charges? My client did not become aware of his defenses until after he had pled guilty and been sentenced. He became aware of that. And how did he become aware that he had legitimate, pardon you, defenses to these charges? Your Honor, I believe my client believed he had a legitimate defense that he could not invade his own home. But he just realized that after the plea? Yes, Your Honor. He was not aware of that prior to the plea. How did this come about? Did he talk to somebody? Did he get a dream about it? Did he read something? Your Honor, it's not on the record, but my communication with my client would indicate he became aware of that knowledge while he was in prison. He began doing a little bit of research on his own, I'm assuming with the local jailhouse lawyer that are helping him out. At least help him look up the statute and read it in that case. As also stated in my client's petition, that he was not fully informed of the charges or falls against him. His attorney didn't even explain to him, this is what the statute is, these are what the requirements are to convict you. He was unaware of that. That's why it only popped up in his post-conviction petition. I just became aware of it. I was charged with invading my own home. Now, he misunderstood the accountability theory, I believe. However, that is why our brief corrects that. But that appears to be his intention. He wasn't even advised of this. Didn't the judge read him the charge when he pled guilty? Yes, Your Honor, he would have been read the charge. So how is he not advised of what he's charged with if the judge read it to him and asked him if he understood it? Normally, I would believe when the charges are read are a shortened version of what the actual statute is. He would not have been read the entire statute he was charged with. Normally, it's charged by information or by grand jury that you have been indicted on a charge. I don't have that. You've read the transcript of the plea. Are you saying the judge abbreviated it and didn't read the elements of the offense? Your Honor, I believe it would have been an abbreviated version through those elements, that he would have been responsible for the actions of his co-defendant who would have unlawfully entered the residence knowing someone to be there with the use of a firearm in this case. Did the court explain the accountability theory to him at the negotiated plea hearing? Your Honor, I do not recall they explained every element of the accountability theory to my client. From my conversations with him and my recollections is he was not conscious of exactly what an accountability theory was premise of the law and had each of the elements that would have been required. However, I doubt my client even if stated concurrent specific intent would have had any idea of what that was without the advice of his counsel, which is why counsel was appointed to him to explain each of these legal concepts to him and advise him on these are your options, not to just show up and say, I got a pretty good deal. Well, I think it's a pretty good deal. This is what you should do. And nothing more happened in this case, Your Honor. And all we're asking is my client's petition be allowed to proceed to an evidentiary hearing. Maybe his claim does not meet the burden of an effective assistance of counsel. As it's been shown through numerous appeals, that's a difficult burden to meet. However, I believe that in this case, if he can prove in an evidentiary hearing that he was denied effective assistance of counsel, pursuant to the Third District of People v. Brooms, the resolution of incompetency of counsel or lack of counsel may result in a guilty plea not being voluntary. And if the resolution, whether defendant was deprived of effective assistance of counsel, resulting in the plea of guilty, which were not voluntary, requires an evidentiary hearing. And in this case, that's what my client's asking for, his chance to present his case to the trial court. And maybe he loses on that. But I believe even based on the minor deficiencies that he did fail to attach an affidavit, he should be allowed to have that affidavit because he will bear the consequences. If he wins, he's back to square one and has all of these charges pending against him as well. So I don't believe it prejudices the State in any way to allow him to have his day in court and to explain and present evidence and to more fully supplement the record as to why his counsel was ineffective. And for those reasons, Your Honor, I would ask that this Court reverse the decision of the trial court dismissing the post-conviction petition and allow my client to proceed to an evidentiary hearing based on this petition as it did state the gist of the constitutional claim. Thank you. Thank you, Mr. Cochran. We have an opportunity for rebuttal. Mr. Sweeney for the State. May it please the Court. What you just heard from the defense counsel exists only in this court. It's a theory which was never presented to the trial court at any time, certainly not in the post-conviction petition. My brief quotes the only factual allegations by defendant in his post-conviction petition. And those factual allegations are that he received ineffective assistance of counsel for two reasons. One, his attorney didn't tell him that he couldn't be charged with home invasion for invading his own home. And two, his attorney didn't tell him that he couldn't be convicted of activated discharge of a firearm when somebody else fired the gun. Those are the only allegations in the post-conviction petition. Even they aren't very clear. There's no allegation about absence of discussions. There's no allegations about meetings between the defendant and defense counsel, what they said to each other. All this is made up by counsel in this court. I mean, maybe he got it from the defendant, but the defendant certainly didn't put it in his post-conviction petition. You can't vacate a criminal conviction because of what some lawyer says at this podium, which isn't backed up by anything in the record. So there's only two issues before this court. Well, the only issue is ineffective assistance of counsel, but there's only two claims of ineffective assistance of counsel. Was it ineffective assistance of counsel for defense counsel to allegedly not tell defendant that he could not be convicted of home invasion on a theory of accountability for allowing someone else to invade his home? Well, that's obviously not ineffective assistance of counsel because in this court, defendant has conceded that the Baugh decision is correct. You can be convicted of home invasion for aiding and abetting someone else in invading your own home. Was defense counsel ineffective for failing to advise defendant that he couldn't be convicted of aggravated discharge of a firearm if somebody else fired the gun? Well, of course not, because you can be convicted of aggravated discharge of a firearm. I mean, if I tell your deputy over there to shoot defense counsel and he does it, then I'm guilty of aggravated discharge of a firearm even though I never had a gun. So only two issues in the post-conviction petition of allegedly inviting ineffective assistance of counsel. And as a matter of Illinois law, it could not be ineffective assistance of counsel because if defense counsel had said those things to defendant, if defendant says he failed to say, then defense counsel would have been wrong. Defense counsel was right under Illinois law if he said to defendant or allowed defendant to believe that defendant could be convicted of home invasion for inciting someone else to invade the defendant's own home. Why isn't the defendant entitled to evidentiary hearing? Because he hasn't alleged that his attorney did anything wrong. In fact, his attorney, if you take the only allegations of the petition seriously, then defense counsel did everything right. He allowed him to plead guilty to inciting Coots to invade the defendant's own home because that's a crime in Illinois law. He allowed defendant to plead guilty to aggravated discharge of a firearm when Coots fired the gun three times at the people inside the house because that's a crime in Illinois because defendant was guilty of aiding and abetting Coots in invading that home. And if you read the statement of facts in the brief, which was actually drafted by another attorney but it's accurate, there's no doubt that the defendant was liable under Illinois law for the actions of Coots because we had independent witnesses in a bar when we said that defendant said he was going over to his house to kick the ass of Michael Smith, whom he thought had a relationship with defendant's girlfriend, and Coots said, I'll back you up. And then they drove over there together. So they planned to invade the house together. And also the victim, one of the victims, defendant's girlfriend called a friend about the trouble she was in, and when the friend tried to call back, couldn't get the girlfriend, so she called the defendant's cell phone, and defendant said he was going to shoot the place up on the same day that Gerard Coots did in fact shoot the place up. So we have plenty of evidence of accountability here. But again, let's get back to what the petition says. I mean, the judge couldn't schedule an evidentiary hearing on the basis of what defense counsel said here in this court. None of that was in the petition. He can only schedule an evidentiary hearing on the basis of the allegations of the petition. And the allegations of the petition say that defense counsel was ineffective for being right on the Illinois law, because if defense counsel, in allowing the defendant to plead guilty to home invasion on fearing accountability, the defense counsel was right under Illinois law, under the Baugh decision, and even if you have doubts about the Baugh decision, it certainly can't be an effective assistance of counsel to follow a government health board precedent. And defense counsel was right under Illinois law in allowing the defendant to plead guilty to aggravated discharge of a firearm after he went over there with Coonsie, together with him, after agreeing to kick Michael Smith's butt, and after saying he was going to shoot the place up. Now, there was a question directed by the court of counsel. When did the defendant figure out that he had defenses to discharge? Well, he doesn't have any defenses to discharge. There's no defense alleged in a post-conviction petition, and there's no defense shown in the record. I mean, he's guilty. We have eyewitnesses, numerous eyewitnesses, who knew him, saw him commit, heard him plan the crime, and saw him commit the crime. Now, of course, my opinion on that subject may not be controlling, but Illinois law on the subject is controlling, because if you say that your attorney was ineffective for allowing you to plead guilty, you have to allege that you would have gone to trial if the defense attorney had acted confidently. You not only have to allege that, but according to Illinois Supreme Court, you have to allege that you were actually innocent or that you had a plausible defense to present at trial. Completely missing from the post-conviction petition. And the statute says that you have to support the allegations of the post-conviction petition with affidavits or with a record. The post-conviction petition was drafted by the defendant. So what's the responsibility of his attorney at the post-conviction proceeding to amend it? He didn't have an attorney. It was dismissed as frivolous and patently without merit, which it is. But, you know, the Illinois Department of Correction does provide inmate law clerks who file hundreds of these things and know what the requirements of the statute are. I mean, you've seen those yourself in the record many times. So it wasn't that the defendant didn't have means of discovering that he had an attached affidavit. He just didn't do it. So the only allegations of the petition show that his attorney was absolutely right in letting the defendant plead guilty of those charges. The allegations that the attorney was wrong in the law are just false. He never did make a request for appointed counsel. I believe the petition does contain such a request, but under the Post-Conviction Hearing Act, the judge has authority to dismiss a frivolous petition without appointing counsel. And he didn't make the absolutely necessary allegation that he would have proceeded to trial, that he was innocent, that he had some kind of defense, and he completely ignored the requirement of the statute that he support his allegations by affidavit. And I've cited cases in my brief that show that in itself as grounds for dismissing a petition as frivolous and blatantly without merit. Basically, the only allegations of the petition, you have to separate out what counsel has said here, because it's not on the petition that he ever before had to trial a judge. The only allegations of the petition show that his attorney was right and did the right thing in advising the defendant right on the law and did the right thing in advising the defendant to plead guilty of those charges. These are entirely valid charges, notwithstanding the defendant's incorrect claim that he could not be convicted of home invasion on a theory of accountability in the film Homeless Involved, notwithstanding the defendant's incorrect claim that he could not be convicted of aggravated discharge of a firearm on a theory of accountability if he didn't fire the gun. Those are the only allegations of the petition, and they're complete nonsense as far as Illinois law is concerned. So we ask that the ruling of the trial judge be affirmed. Mr. Sweeney, Mr. Cochran, the vote. I noticed a lot of prosecutions' arguments started with, if defense counsel advised, if defense counsel did this, if defense counsel did that. Well, if he did these things, they can be proven in an evidentiary hearing. The state has nothing to lose. If the state's case is so airtight, they actually feature to gain by my client going to trial. If there are guaranteed conviction on each one of these counts, I would almost think the state would encourage him to go back and be tried on these cases. However, it seems to be the state's position that because there's a law clerk at the prison who files hundreds of these petitions, many of which are denied each year, that that somehow equates to having representation under the law. As Justice brought up, in this case, if a client had been allowed to amend his petition, if he had been presented with an opportunity to have counsel, counsel would have amended that. Any reputable attorney, defense attorney, would have amended this claim. I would have loved to have had my client come to me prior to the dismissal of his case to amend this, to attach affidavits, and to do a much better presentation of this case. However, this case was dismissed. What kept you from doing that? Your Honor, my client did not contact me until after the case was dismissed as patently frivolous and without merit. File a successive petition and make the allegation that you have here, that this was pro se, he never did have a chance to do anything, and ask the lead court to file a successive petition. Your Honor, I don't believe my client will meet the high standard required by the Post-Conviction Petition Act to file a successive petition, as it requires him to show an objective reason why he did not make his claims in his original petition. And it's a much higher bar in this case than presenting the gist of a constitutional claim. Well, he was pro se. He was, Your Honor. And my concern is… And he requested a point of counsel. The court didn't give it to him. Yes, Your Honor. And my concern is that would be viewed as a subjective problem. My client himself did not do this when someone else, better informed, probably would have. And that's why we would ask this court to remand this to the trial court, at which point, if it is remanded, I would ask the court to amend his petition. So you don't think right now that he can file a successive petition? He could file one, Your Honor. Based upon the nature of the case and the facts and his knowledge and what you know about the case? Your Honor, my concern… You don't think that that would be proper? I think it would be proper to file. However, I don't – I believe his chances of the court granting him leave to file a successive petition would be less than the probability of him this being taken, his petition, as presenting the gist of a constitutional claim, being such a low bar. Referring to something as the gist of it means you get a basic idea of what the guy's handling. And in this case, he was getting at his counsel failed to inform him properly in this case. Do you disagree with the prosecution when they said that it's necessary to allege that he was innocent or that he had a plausible defense? I do not agree. In this case, I believe – because the bar is for – to overturn a guilty plea. And to overturn that guilty plea would only be that my client would have insisted upon going to trial, that counsel's error had not occurred. If my client had went to trial, been convicted after a trial, yes, he would need to show that there is a reasonable probability that the outcome of the trial court or the jury would have been different had his counsel's errors not occurred. But this is a different bar in this case. He must only show that there's a reasonable probability he would have proceeded to trial. And I believe that's inherent in his petition that he intends to proceed to trial because he's asking this court to do that, to allow him to proceed to trial in this case. And whether that is a good decision for him or not, it's a right of every American citizen to make an informed decision on whether he wants to proceed to trial or take the guilty plea. And for those reasons, Your Honor, we'd ask that this case be remanded to the trial court and allow my client to either amend his petition or proceed on the petition as it stands to an evidentiary hearing. Thank you. Thank you, counsel, for your arguments and briefs. The court will take the matter under advisement and render its decision. The court will stand at recess until 9 a.m. tomorrow. All rise.